**CV 14        1335**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

MARTINE ALOUIDOR and RONSARD NOEL,

Plaintiffs,                    **NOTICE OF REMOVAL**

v.

DAVID COTOS MEJIA, M.D., DANNY        Civil Action No. CV 14- _____
SHERWINTER, M.D., ANNA YAKOVLEVNA,    (_____, J.)
M.D., KELLY MINUS, R.N., LUTHERAN FAMILY   (_____, M.J.)
HEALTH CENTERS, MAIMONIDES MEDICAL
CENTER, and MAIMONIDES MEDICAL
CENTER DEPARTMENT OF RADIOLOGY,

Defendants.

----------------------------------------------------------------x

TO:          THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF NEW YORK:

             PLEASE TAKE NOTICE that an action pending in the Supreme Court of the State

of New York, County of Kings, has been removed to the United States District Court for the

Eastern District of New York.

             LORETTA E. LYNCH, United States Attorney for the Eastern District of New

York, Layaliza K. Soloveichik, Assistant United States Attorney, of counsel, respectfully states

the following facts upon information and belief:

             1.      The action styled *Martine Alouidor and Ronsard Noel v. David Cotos*

*Mejia, M.D., Danny Sherwinter, M.D., Anna Yakovlevna, M.D., Kelly Minus, R.N., Lutheran*

*Family Health Centers, Maimonides Medical Center, and Maimonides Medical Center*

*Department of Radiology*, Index No. 14954/13, was commenced in the Supreme Court of the State

of New York, County of Kings. *See* Summons and Verified Complaint, annexed hereto as Exhibit A; Verified Answers, annexed hereto as Exhibit B; and Notice of Motion, dated January 14, 2014, annexed hereto as Exhibit C.

2.     This is an action alleging negligent or wrongful acts or omissions on the part of defendants David Cotos Mejia, M.D., Danny Sherwinter, M.D., Anna Yakovlevna, M.D., Kelly Minus, R.N., Lutheran Family Health Centers, Maimonides Medical Center, and Maimonides Medical Center Department of Radiology in connection with medical treatment provided to plaintiff Martine Alouidor between August 22, 2012 and August 27, 2012. Plaintiff Ronsard Noel is alleged to be the husband of plaintiff Alouidor. Plaintiffs, alleging personal injury and loss of consortium, assert claims under the common law of New York State and seek monetary relief.

3.     Pursuant to 42 U.S.C. § 233(g), defendants David Cotos Mejia, M.D., Kelly Minus, R.N., and Lutheran Family Health Centers have been designated Public Health Service employees and thus are deemed employees of the United States for purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671 *et seq*. ("FTCA").

4.     At all times relevant hereto, defendant Lutheran Family Health Centers was a federally supported health center and defendants David Cotos Mejia, M.D. and Kelly Minus, R.N., were employees of defendant Lutheran Family Health Centers and, pursuant to 42 U.S.C. § 233(g), defendants Lutheran Family Health Centers, David Cotos Mejia, M.D., and Kelly Minus, R.N., were all deemed by the Department of Health and Human Services eligible for coverage under the FTCA, and were acting within the course and scope of such deemed employment with the United States specifically with regard to the treatment alleged to be the basis of the Verified

2

Complaint. The Certification of Layaliza K. Soloveichik, Assistant United States Attorney, attesting to this, is annexed hereto as Exhibit D.

5.      Pursuant to 28 U.S.C. § 2679(d) and 42 U.S.C. § 233(c), the action styled *Martine Alouidor and Ronsard Noel v. David Cotos Mejia, M.D., Danny Sherwinter, M.D., Anna Yakovlevna, M.D., Kelly Minus, R.N., Lutheran Family Health Centers, Maimonides Medical Center, and Maimonides Medical Center Department of Radiology*, Index No. 14954/13 (N.Y. Sup. Ct.) (Kings County), may be removed to this Court.

6.      Pursuant to 28 U.S.C. § 2408 and 42 U.S.C. § 233(c), the United States may remove the action styled *Martine Alouidor and Ronsard Noel v. David Cotos Mejia, M.D., Danny Sherwinter, M.D., Anna Yakovlevna, M.D., Kelly Minus, R.N., Lutheran Family Health Centers, Maimonides Medical Center, and Maimonides Medical Center Department of Radiology*, Index No. 14954/13 (N.Y. Sup. Ct.) (Kings County), without a bond.

7.      The United States is substituted as the party defendant for defendants Lutheran Family Health Centers, David Cotos Mejia, M.D., and Kelly Minus, R.N., pursuant to 28 U.S.C. § 2679(d) and 42 U.S.C. § 233(c).

WHEREFORE, it is respectfully requested that the action styled *Martine Alouidor and Ronsard Noel v. David Cotos Mejia, M.D., Danny Sherwinter, M.D., Anna Yakovlevna, M.D., Kelly Minus, R.N., Lutheran Family Health Centers, Maimonides Medical Center, and Maimonides Medical Center Department of Radiology*, Index No. 14954/13, pending in the Supreme Court of the State of New York, County of Kings, be removed to this Court; and

In accordance with 28 U.S.C. § 1446(d), the filing of a copy of this notice with the Clerk of the Court, Supreme Court of the City of New York, County of Kings, shall effect the

removal, and the state court shall proceed no further with respect to the action, unless and until the

case is remanded thereto.

Dated:        Brooklyn, New York
              February 27, 2014

                                        Respectfully submitted,

                                        LORETTA E. LYNCH
                                        United States Attorney
                                        *Counsel for defendants David Cotos Mejia,*
                                        *M.D., Kelly Minus, R.N. and Lutheran Family*
                                        *Health Centers*
                                        Eastern District of New York
                                        271 Cadman Plaza East, 7th Fl.
                                        Brooklyn, New York 11201

                                 By:    _____
                                        LAYALIZA K. SOLOVEICHIK
                                        Assistant United States Attorney
                                        (718) 254-6298
                                        layaliza.soloveichik@usdoj.gov

TO:     Clerk of Court
        Supreme Court of the State of New York
        County of Kings
        360 Adams St.
        Brooklyn, New York 11201

        Jeffrey A. Guzman, Esq.
        KRENTSEL & GUZMAN, LLP
        17 Battery Place, Suite 604
        New York, New York 10006
        *Counsel for plaintiffs*

        Richard V. Caplan, Esq.
        Brooke Cartwright, Esq.
        AARONSON, RAPPAPORT,
        FEINSTEIN & DEUTSCH, LLP
        600 Third Avenue
        New York, New York 10016
        *Counsel for defendants Danny Sherwinter,*
        *M.D., Anna Yakovlevna, M.D., Maimonides*

4

*Medical Center, and Maimonides Medical Center Department of Radiology*

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X          Index No.:
MARTINE ALOUIDOR and RONSARD NOEL,                          Date Purchased:

                             Plaintiffs,          Plaintiff designates Kings
                                    County as the place of trial.

          -against-

                                    **SUMMONS**

DAVID COTOS MEJIA, M.D., DANNY
SHERWINTER, M.D., ANNA YAKOVLEVNA, M.D.,          The basis of venue is
KELLY MINUS, R.N., LUTHERAN FAMILY                Plaintiffs' Residence:
HEALTH CENTERS, MAIMONIDES MEDICAL               1689 East 54th Street
CENTER and MAIMONIDES MEDICAL CENTER             Brooklyn, New York 11234
DEPARTMENT OF RADIOLOGY,

                             Defendants.
------------------------------------------------------------X

**JURY TRIAL DEMANDED**
To the above-named Defendant(s):

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney within twenty (20) days after service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

DATED:     New York, New York
             August 2, 2013

                               Yours, etc.,

                               Jeffrey A. Guzman, Esq.
                               KRENTSEL & GUZMAN, LLP
                               17 Battery Place, Suite 604
                               New York, New York 10006
                               (212) 227-2900

Defendants:
DAVID COTOS MEJIA, M.D.
416 37th Street
Brooklyn, New York 11232

DAVID COTOS MEJIA, M.D.
c/o Lutheran Medical Center
3414 Church Avenue
Brooklyn, New York 11203

DANNY SHERWINTER, M.D.
c/o Surgical Critical Care FFP
948 48th Street
Brooklyn, New York 11219

DANNY SHERWINTER, M.D.
c/o Maimonides Medical Center
4802 10th Avenue
Brooklyn, New York 11219

ANNA YAKOVLEVNA, M.D.
862 50th Street, Apt. 3B
Brooklyn, New York 11220

ANNA YAKOVLEVNA, M.D.
c/o Maimonides Medical Center
4802 10th Avenue
Brooklyn, New York 11219

KELLY MINUS, N.P.
c/o Lutheran Medical Center
3414 Church Avenue
Brooklyn, New York 11203

LUTHERAN FAMILY HEALTH CENTERS
3414 Church Avenue
Brooklyn, New York 11203

MAIMONIDES MEDICAL CENTER
4802 10th Avenue
Brooklyn, New York 11219

MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY
4802 10th Avenue
Brooklyn, New York 11219

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
MARTINE ALOUIDOR and RONSARD NOEL,        Index No.:

                      Plaintiffs,        **VERIFIED COMPLAINT**

        -against-

DAVID COTOS MEJIA, M.D., DANNY
SHERWINTER, M.D., ANNA YAKOVLEVNA, M.D.,
KELLY MINUS, R.N., LUTHERAN FAMILY
HEALTH CENTERS, MAIMONIDES MEDICAL
CENTER and MAIMONIDES MEDICAL CENTER
DEPARTMENT OF RADIOLOGY,

                      Defendants.
-----------------------------------------------------------------X

      The Plaintiffs, MARTINE ALOUIDOR and RONSARD NOEL, for their Verified

Complaint against the Defendants, by their attorneys, KRENTSEL & GUZMAN, LLP, set forth

and alleges the following, upon information and belief, as follows:

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

      1.      Plaintiffs, MARTINE ALOUIDOR and RONSARD NOEL, are residents of the

County of Kings, State of New York.

      2.      Defendant, DAVID COTOS MEJIA, M.D. (hereinafter referred to as "MEJIA"),

was and is a doctor of medicine duly licensed to practice medicine in the State of New York.

      3.      Defendant, MEJIA, was, on or about August 22, 2012 and continuing through to

and including August 27, 2012, a licensed practicing family medicine specialist and internist

located at 416 37th Street, Brooklyn New York.

      4.      Defendant, MEJIA, did and at all times hereinafter mentioned does maintain his

practice at 416 37th Street, Brooklyn, New York, amongst other locations.

5.    Defendant, MEJIA, did and at all times hereinafter mentioned does maintain his practice at 3414 Church Avenue, Brooklyn, New York, amongst other locations.

6.    Defendant, MEJIA, was and is an attending physician with admitting privileges at Defendant, LUTHERAN FAMILY HEALTH CENTERS, amongst other locations.

7.    Defendant, MEJIA, held himself out to be a physician duly qualified and competent to render requisite medical, surgical care and treatment and/or family medicine care to the public at large and, more particularly, to the Plaintiffs named herein.

8.    Defendant, MEJIA, undertook and agreed to render medical, surgical care and treatment and/or family medicine care to Plaintiff, MARTINE ALOUIDOR.

9.    Defendant, MEJIA, negligently, recklessly and carelessly rendered medical care and treatment to Plaintiff, MARTINE ALOUIDOR, on or about August 22, 2012 and continuing through to and including August 27, 2012.

10.    At all times herein mentioned, Plaintiff, MARTINE ALOUIDOR, was a patient under the professional care and treatment of Defendant, MEJIA.

11.    Defendant, MEJIA, was negligent, careless and reckless in prescribing medicine, medical, surgical care and treatment and/or family medicine care rendered to Plaintiff, MARTINE ALOUIDOR.

12.    Defendant, MEJIA, was negligent, careless and reckless in supervising the prescription of medicine, medical, surgical care and treatment and/or family medicine care rendered to Plaintiff, MARTINE ALOUIDOR.

13.    The treatment rendered by defendant, MEJIA, was not in accord with good and acceptable standards of medical, surgical care and treatment and/or family medicine care.

14.    As a result of the negligence, recklessness and carelessness of Defendant, MEJIA,

and without any want of care on the part of the Plaintiffs herein named, Plaintiff, MARTINE

ALOUIDOR, suffered grave bodily injury, complications related thereto, need for additional

surgery and treatment, and mental anguish.

15.     Defendant, DANNY SHERWINTER, M.D. (hereinafter referred to as

"SHERWINTER"), was and is a doctor of medicine duly licensed to practice medicine in the

State of New York.

16.     Defendant, SHERWINTER, was, on or about August 22, 2012 and continuing

through to and including August 27, 2012, a licensed practicing general surgeon located at 948

48th Street, Brooklyn, New York.

17.     Defendant, SHERWINTER, did and at all times hereinafter mentioned does

maintain his practice at 948 48th Street, Brooklyn, New York, amongst other locations.

18.     Defendant, SHERWINTER, was, on or about August 22, 2012 and continuing

through to and including August 27, 2012, a licensed practicing general surgeon located at 4802

10th Avenue, Brooklyn, New York.

19.     Defendant, SHERWINTER, did and at all times hereinafter mentioned does

maintain his practice at 4802 10th Avenue, Brooklyn, New York, amongst other locations.

20.     Defendant, SHERWINTER, was and is an attending physician with admitting

privileges at Defendant, MAIMONIDES MEDICAL CENTER, amongst other locations.

21.     Defendant, SHERWINTER, held himself out to be a physician duly qualified and

competent to render requisite medical, surgical care and treatment to the public at large and,

more particularly, to the Plaintiffs named herein.

22.     Defendant, SHERWINTER, undertook and agreed to render medical, surgical care

and treatment to Plaintiff, MARTINE ALOUIDOR.

23.     Defendant, SHERWINTER, negligently, recklessly and carelessly rendered medical care and treatment to Plaintiff, MARTINE ALOUIDOR, on or about August 22, 2012 and continuing through to and including August 27, 2012.

24.     At all times herein mentioned, Plaintiff, MARTINE ALOUIDOR, was a patient under the professional care and treatment of Defendant, SHERWINTER.

25.     Defendant, SHERWINTER, was negligent, careless and reckless in prescribing medicine, medical, surgical care and treatment rendered to Plaintiff, MARTINE ALOUIDOR.

26.     Defendant, SHERWINTER, was negligent, careless and reckless in supervising the prescription of medicine, medical, surgical care and treatment rendered to Plaintiff, MARTINE ALOUIDOR.

27.     The treatment rendered by defendant, SHERWINTER, was not in accord with good and acceptable standards of medical, surgical care and treatment.

28.     As a result of the negligence, recklessness and carelessness of Defendant, SHERWINTER, and without any want of care on the part of the Plaintiffs herein named, Plaintiff, MARTINE ALOUIDOR, suffered grave bodily injury, complications related thereto, need for additional surgery and treatment, and mental anguish.

29.     Defendant, ANNA YAKOVLEVNA, M.D. (hereinafter referred to as "YAKOVLEVNA"), was and is a doctor of medicine duly licensed to practice medicine in the State of New York.

30.     Defendant, YAKOVLEVNA, was, on or about August 22, 2012 and continuing through to and including August 27, 2012, a licensed practicing neuroradiologist located at 862 50th Street, Brooklyn, New York.

31.     Defendant, YAKOVLEVNA, did and at all times hereinafter mentioned does

maintain her practice at 862 50th Street, Brooklyn, New York, amongst other locations.

32. Defendant, YAKOVLEVNA, was, on or about August 22, 2012 and continuing through to and including August 27, 2012, a licensed practicing neuroradiologist located at 4802 10th Avenue, Brooklyn, New York.

33. Defendant, YAKOVLEVNA, did and at all times hereinafter mentioned does maintain her practice at 4802 10th Avenue, Brooklyn, New York, amongst other locations.

34. Defendant, YAKOVLEVNA, was and is an attending physician with admitting privileges at Defendant, MAIMONIDES MEDICAL CENTER, amongst other locations.

35. Defendant, YAKOVLEVNA, was and is an attending physician with admitting privileges at Defendant, MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY, amongst other locations.

36. Defendant, YAKOVLEVNA, held himself out to be a physician duly qualified and competent to render requisite medical, surgical care and treatment and/or neuroradiological care to the public at large and, more particularly, to the Plaintiffs named herein.

37. Defendant, YAKOVLEVNA, undertook and agreed to render medical, surgical care and treatment and/or neuroradiological care to Plaintiff, MARTINE ALOUIDOR.

38. Defendant, YAKOVLEVNA, negligently, recklessly and carelessly rendered medical care and treatment and/or neuroradiological care to Plaintiff, MARTINE ALOUIDOR, on or about August 22, 2012 and continuing through to and including August 27, 2012.

39. At all times herein mentioned, Plaintiff, MARTINE ALOUIDOR, was a patient under the professional care and treatment of Defendant, YAKOVLEVNA.

40. Defendant, YAKOVLEVNA, was negligent, careless and reckless in prescribing medicine, medical, surgical care and treatment and/or neuroradiological care rendered to

Plaintiff, MARTINE ALOUIDOR.

41.     Defendant, YAKOVLEVNA, was negligent, careless and reckless in supervising the prescription of medicine, medical, surgical care and treatment and/or neuroradiological care rendered to Plaintiff, MARTINE ALOUIDOR.

42.     The treatment rendered by defendant, YAKOVLEVNA, was not in accord with good and acceptable standards of medical, surgical care and treatment and/or neuroradiological care.

43.     As a result of the negligence, recklessness and carelessness of Defendant, YAKOVLEVNA, and without any want of care on the part of the Plaintiffs herein named, Plaintiff, MARTINE ALOUIDOR, suffered grave bodily injury, complications related thereto, need for additional surgery and treatment, and mental anguish.

44.     Defendant, KELLY MINUS, N.P. (hereinafter referred to as "MINUS"), was and is a nurse practitioner duly licensed to practice medicine in the State of New York.

45.     Defendant, MINUS, was, on or about August 22, 2012 and continuing through to and including August 27, 2012, a licensed practicing nurse practitioner located at 3414 Church Avenue, Brooklyn New York.

46.     Defendant, MINUS, was, on or about August 22, 2012 and continuing through to and including August 27, 2012, a licensed practicing nurse practitioner.

47.     Defendant, MINUS, did and at all times hereinafter mentioned does maintain her practice at 3414 Church Avenue, Brooklyn, New York, amongst other locations.

48.     Defendant, MINUS, was and is an employee at defendant, LUTHERAN FAMILY HEALTH CENTERS, as a licensed practicing nurse practitioner.

49.     Defendant, MINUS, held herself out to be a nurse duly qualified and competent to

render requisite medical nursing care to the public at large and, more particularly, to the Plaintiffs named herein.

50.    Defendant, MINUS, undertook and agreed to render medical, nursing care and treatment to the Plaintiff, MARTINE ALOUIDOR.

51.    Defendant, MINUS, negligently, recklessly and carelessly rendered medical/nursing care and treatment to the Plaintiff, MARTINE ALOUIDOR on August 22, 2012 and continuing through to and including August 27, 2012.

52.    The Plaintiff, MARTINE ALOUIDOR was a patient under the professional care and treatment of Defendant, MINUS.

53.    Defendant, MINUS, was negligent, careless and reckless in administering medicine, medical, nursing care and treatment to the Plaintiff, MARTINE ALOUIDOR.

54.    The treatment rendered by defendant, MINUS, was not in accord with good and acceptable standards of medical, nursing care and treatment.

55.    As a result of the negligence, recklessness and carelessness of defendant, MINUS, and without any want of care on the part of the Plaintiffs herein named, the Plaintiff, MARTINE ALOUIDOR, suffered grave bodily injury, complications related thereto and mental anguish.

56.    This action falls within one or more of the exemptions set forth in CPLR § 1602.

57.    As a result of the foregoing, the Plaintiffs have been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

58.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the FIRST CAUSE OF ACTION with the same force and effect as though more fully set forth herein at length.

59.     That on or about August 22, 2012 and continuing through to and including August 27, 2012, Defendant, LUTHERAN FAMILY HEALTH CENTERS, was and still is accredited by the Joint Commission on the Accreditation of Hospitals, and was and still is located at 3414 Church Avenue, Brooklyn, New York.

60.     Defendant, LUTHERAN FAMILY HEALTH CENTERS, was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

61.     Defendant, LUTHERAN FAMILY HEALTH CENTERS, was and is a duly licensed medical facility which is operated in accord with the laws and regulations of the State of New York with standards for hospitals as set forth by the Joint Commission on the Accreditation of Hospitals.

62.     Defendant, LUTHERAN FAMILY HEALTH CENTERS, owned, operated, managed, maintained and controlled a medical facility which provided family medicine care, medical, surgical care and treatment and family medicine care and treatment as well as provided for the care of sick and ailing persons in New York.

63.     Defendant, LUTHERAN FAMILY HEALTH CENTERS, had in its employ, and/or under its control doctors, emergency room physicians, family medicine specialists, orthopedic surgeons, nurses, neurologists, lab technicians, radiation technicians, x-ray technicians, surgeons and other staff necessary to provide patients with medical care and attention.

64.     Defendant, LUTHERAN FAMILY HEALTH CENTERS, its agents, servants and/or employees held itself out as qualified and competent to render requisite prescription of medicine, medical, surgical care and treatment, and family medicine care and treatment to the

public at large and, more particularly to the Plaintiffs named herein.

65.     Defendant, LUTHERAN FAMILY HEALTH CENTERS, undertook and agreed to render medical and surgical care and family medicine care and treatment to Plaintiff, MARTINE ALOUIDOR, on or about August 22, 2012 and continuing through to and including August 27, 2012.

66.     The treatment rendered by Defendant, LUTHERAN FAMILY HEALTH CENTERS, their agents, servants and/or employees was not in accord with good and acceptable standards of medical, surgical care and/or family medicine care.

67.     Defendant, LUTHERAN FAMILY HEALTH CENTERS, its agents, servants and/or employees were negligent, careless and reckless in supervising the prescription of medicine, medical, surgical care and treatment and/or family medicine care rendered to Plaintiff, MARTINE ALOUIDOR.

68.     Defendant, LUTHERAN FAMILY HEALTH CENTERS, its agents, servants and/or employees were negligent, careless and reckless in the prescription of medicine, and the rendering of medical, surgical care and treatment and/or family medicine care rendered to Plaintiff, MARTINE ALOUIDOR.

69.     As a result of the negligence, recklessness and carelessness of Defendant, LUTHERAN FAMILY HEALTH CENTERS, their agents, servants and/or employees, and without any want of care on the part of the Plaintiffs, Plaintiff, MARTINE ALOUIDOR, suffered grave bodily injury, complications related thereto, need for additional surgery and treatment, and mental anguish.

70.     This action falls within one or more of the exemptions set forth in CPLR § 1602.

71.     As a result of the foregoing, the Plaintiffs have been damaged in a sum which

exceeds the jurisdictional limits of all lower courts which would have jurisdiction.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>

72.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the <u>FIRST and SECOND CAUSES OF ACTION</u> with the same force and effect as though more fully set forth at length.

73.     That on or about August 22, 2012 and continuing through to and including August 27, 2012, Defendant, MAIMONIDES MEDICAL CENTER, was and still is accredited by the Joint Commission on the Accreditation of Hospitals, and was and still is located at 4802 10th Avenue, Brooklyn, New York.

74.     Defendant, MAIMONIDES MEDICAL CENTER, was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

75.     Defendant, MAIMONIDES MEDICAL CENTER, was and is a duly licensed medical facility which is operated in accord with the laws and regulations of the State of New York with standards for hospitals as set forth by the Joint Commission on the Accreditation of Hospitals.

76.     Defendant, MAIMONIDES MEDICAL CENTER, owned, operated, managed, maintained and controlled a medical facility which provided family medicine care, medical, surgical care and treatment and family medicine care and treatment and/or neuroradiological care as well as provided for the care of sick and ailing persons in New York.

77.     Defendant, MAIMONIDES MEDICAL CENTER, had in its employ, and/or under its control doctors, emergency room physicians, family medicine specialists, orthopedic surgeons, nurses, neurologists, lab technicians, radiation technicians, x-ray technicians, surgeons,

neuroradiologists and other staff necessary to provide patients with medical care and attention.

78.     Defendant, MAIMONIDES MEDICAL CENTER, its agents, servants and/or employees held itself out as qualified and competent to render requisite prescription of medicine, medical, surgical care and treatment, and family medicine care and treatment and/or neuroradiological care to the public at large and, more particularly to the Plaintiffs named herein.

79.     Defendant, MAIMONIDES MEDICAL CENTER, undertook and agreed to render medical and surgical care and family medicine care and treatment and/or neuroradiological care to Plaintiff, MARTINE ALOUIDOR, on or about August 22, 2012 and continuing through to and including August 27, 2012.

80.     The treatment rendered by Defendant, MAIMONIDES MEDICAL CENTER, their agents, servants and/or employees was not in accord with good and acceptable standards of medical, surgical care and/or family medicine care and treatment and/or neuroradiological care.

81.     Defendant, MAIMONIDES MEDICAL CENTER, its agents, servants and/or employees were negligent, careless and reckless in supervising the prescription of medicine, medical, surgical care and treatment and family medicine care and treatment and/or neuroradiological care rendered to Plaintiff, MARTINE ALOUIDOR.

82.     Defendant, MAIMONIDES MEDICAL CENTER, its agents, servants and/or employees were negligent, careless and reckless in the prescription of medicine, and the rendering of medical, surgical care and treatment and family medicine care and treatment and/or neuroradiological care rendered to Plaintiff, MARTINE ALOUIDOR.

83.     As a result of the negligence, recklessness and carelessness of Defendant, MAIMONIDES MEDICAL CENTER, their agents, servants and/or employees, and without any want of care on the part of the Plaintiffs, Plaintiff, MARTINE ALOUIDOR, suffered grave

bodily injury, complications related thereto, need for additional surgery and treatment, and

mental anguish.

84.     This action falls within one or more of the exemptions set forth in CPLR § 1602.

85.     As a result of the foregoing, the Plaintiffs have been damaged in a sum which

exceeds the jurisdictional limits of all lower courts which would have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION

86.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the

FIRST, SECOND and THIRD CAUSES OF ACTION with the same force and effect as though

more fully set forth at length.

87.     That on or about August 22, 2012 and continuing through to and including August

27, 2012, Defendant, MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY,

was and still is accredited by the Joint Commission on the Accreditation of Hospitals, and was

and still is located at 4802 10th Avenue, Brooklyn, New York.

88.     Defendant, MAIMONIDES MEDICAL CENTER DEPARTMENT OF

RADIOLOGY, was and is a domestic corporation, duly organized and existing under and by

virtue of the laws of the State of New York.

89.     Defendant, MAIMONIDES MEDICAL CENTER DEPARTMENT OF

RADIOLOGY, was and is a duly licensed medical facility which is operated in accord with the

laws and regulations of the State of New York with standards for hospitals as set forth by the

Joint Commission on the Accreditation of Hospitals.

90.     Defendant, MAIMONIDES MEDICAL CENTER DEPARTMENT OF

RADIOLOGY, owned, operated, managed, maintained and controlled a medical facility which

provided family medicine care, medical, surgical care and treatment and/or neuroradiological

care as well as provided for the care of sick and ailing persons in New York.

91. Defendant, MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY, had in its employ, and/or under its control doctors, emergency room physicians, family medicine specialists, orthopedic surgeons, nurses, neurologists, lab technicians, radiation technicians, x-ray technicians, surgeons, neuroradiologists and other staff necessary to provide patients with medical care and attention.

92. Defendant, MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY, its agents, servants and/or employees held itself out as qualified and competent to render requisite prescription of medicine, medical, surgical care and treatment, and/or neuroradiological care to the public at large and, more particularly to the Plaintiffs named herein.

93. Defendant, MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY, undertook and agreed to render medical and surgical care and treatment and/or neuroradiological care to Plaintiff, MARTINE ALOUIDOR, on or about August 22, 2012 and continuing through to and including August 27, 2012.

94. The treatment rendered by Defendant, MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY, their agents, servants and/or employees was not in accord with good and acceptable standards of medical, surgical care and/or neuroradiological care.

95. Defendant, MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY, its agents, servants and/or employees were negligent, careless and reckless in supervising the prescription of medicine, medical, surgical care and treatment and/or neuroradiological care rendered to Plaintiff, MARTINE ALOUIDOR.

96. Defendant, MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY, its agents, servants and/or employees were negligent, careless and reckless in the

prescription of medicine, and the rendering of medical, surgical care and treatment and/or neuroradiological care rendered to Plaintiff, MARTINE ALOUIDOR.

97.     As a result of the negligence, recklessness and carelessness of Defendant, MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY, their agents, servants and/or employees, and without any want of care on the part of the Plaintiffs, Plaintiff, MARTINE ALOUIDOR, suffered grave bodily injury, complications related thereto, need for additional surgery and treatment, and mental anguish.

98.     This action falls within one or more of the exemptions set forth in CPLR § 1602.

99.     As a result of the foregoing, the Plaintiffs have been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction.

### AS AND FOR A FIFTH CAUSE OF ACTION

100.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the FIRST, SECOND, THIRD and FOURTH CAUSES OF ACTION with the same force and effect as though more fully set forth at length.

101.    Defendant, LUTHERAN FAMILY HEALTH CENTERS, MAIMONIDES MEDICAL CENTER and MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY, prior to the granting and renewing of employment and association privileges of physicians, residents, nurses and others involved in the Plaintiffs' case, failed to investigate the qualifications, competence, capacity, abilities and capabilities of said staff including but not limited to, obtaining the following information; patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of investigations commenced against said persons, including the outcome thereof, any history of associations, privileges and/or practice at

other institutions, any discontinuation of said associations, employment, privileges and/or practice at other institutions, and any pending professional misconduct proceedings in the State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings and, LUTHERAN FAMILY HEALTH CENTERS, MAIMONIDES MEDICAL CENTER and MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY, failed to make sufficient inquiry of Defendants, and other institutions which would and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

102.   Had Defendants, LUTHERAN FAMILY HEALTH CENTERS, MAIMONIDES MEDICAL CENTER and MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY, made the above-stated inquiry or, in the alternative, had Defendants, LUTHERAN FAMILY HEALTH CENTERS, MAIMONIDES MEDICAL CENTER and MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY, reviewed and analyzed the information obtained in a proper manner, employment would not have been granted and/or renewed.

103.   By reason of the failure of Defendants, LUTHERAN FAMILY HEALTH CENTERS, MAIMONIDES MEDICAL CENTER and MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY, to meet the aforementioned obligation, Plaintiff, MARTINE ALOUIDOR, was treated by doctors, nurses, technicians, and others who were lacking the requisite skills, abilities, competence and capacity, as a result of which, Plaintiff, MARTINE ALOUIDOR, sustained severe injuries and complications.

104.   As a result of the negligence, recklessness and carelessness of Defendants, LUTHERAN FAMILY HEALTH CENTERS, MAIMONIDES MEDICAL CENTER and

MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY, and without any want of care on the part of the Plaintiffs herein named, Plaintiff, MARTINE ALOUIDOR, suffered grave bodily injury, complications related thereto, need for additional surgery and treatment, and mental anguish.

105.   This action falls within one or more of the exemptions set forth in CPLR § 1602.

106.   As a result of the foregoing, Plaintiffs have been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

<u>AS AND FOR A SIXTH CAUSE OF ACTION</u>

107.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the <u>FIRST, SECOND, THIRD, FOURTH and FIFTH CAUSES OF ACTION</u> with the same force and effect as though more fully set forth herein at length.

108.   Defendants failed to properly instruct the Plaintiff, MARTINE ALOUIDOR, of all risks, benefits and alternatives to the treatment rendered, and administered and failed to obtain an Informed Consent for treatment rendered.

109.   Had Defendants properly instructed the Plaintiff, MARTINE ALOUIDOR, Plaintiff, MARTINE ALOUIDOR would not have undergone the treatment as recommended and provided by the Defendants.

110.   As a result of the negligence, recklessness and carelessness of Defendants, in failing to obtain an informed consent and without any want of care on the part of Plaintiff, MARTINE ALOUIDOR, Plaintiff, MARTINE ALOUIDOR, suffered grave bodily injury, complications related thereto, need for additional surgery and treatment, and mental anguish.

111.   This action falls within one or more of the exemptions set forth in CPLR § 1602.

112.   As a result of the foregoing, the Plaintiffs have been damaged in a sum which

exceeds the jurisdictional limits of all lower courts which would have jurisdiction.

<u>AS AND FOR A SEVENTH CAUSE OF ACTION</u>

113.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the

<u>FIRST, SECOND, THIRD, FOURTH, FIFTH and SIXTH CAUSES OF ACTION</u>, with the same

force and effect as though more fully set forth herein at length.

114.    Plaintiff, RONSARD NOEL, is at all relevant times the husband of Plaintiff,

MARTINE ALOUIDOR.

115.    Plaintiff, RONSARD NOEL, as a result of the Defendants' negligence and

carelessness, in causing serious personal injuries and mental anguish to Plaintiff, MARTINE

ALOUIDOR, was caused to suffer and sustain loss of love, financial support, services, society

and consortium.

116.    This action falls within one or more of the exemptions set forth in CPLR § 1602.

117.    That as a result of the foregoing, Plaintiff, RONSARD NOEL, has been damaged

in a sum which exceeds the jurisdiction of all lower Courts.

WHEREFORE, the Plaintiffs demand judgment against the defendants on the <u>FIRST,</u>

<u>SECOND, THIRD, FOURTH, FIFTH, SIXTH and SEVENTH CAUSES OF ACTION</u> with

interests together with the costs and disbursements of this action.

Dated: New York, New York
        August 2, 2013

Yours, etc.,

_____
Jeffrey A. Guzman, Esq.
KRENTSEL & GUZMAN, LLP
17 Battery Place, Suite 604
New York, New York 10006
(212) 227-2900

Defendants:
DAVID COTOS MEJIA, M.D.
416 37th Street
Brooklyn, New York 11232

DAVID COTOS MEJIA, M.D.
c/o Lutheran Medical Center
3414 Church Avenue
Brooklyn, New York 11203

DANNY SHERWINTER, M.D. (Gen Surg)
c/o Surgical Critical Care FFP
948 48th Street
Brooklyn, New York 11219

DANNY SHERWINTER, M.D.
c/o Maimonides Medical Center
4802 10th Avenue
Brooklyn, New York 11219

ANNA YAKOVLEVNA, M.D. (Neurorad)
862 50th Street, Apt. 3B
Brooklyn, New York 11220

ANNA YAKOVLEVNA, M.D.
c/o Maimonides Medical Center
4802 10th Avenue
Brooklyn, New York 11219

KELLY MINUS, N.P.
c/o Lutheran Medical Center
3414 Church Avenue
Brooklyn, New York 11203

LUTHERAN FAMILY HEALTH CENTERS
3414 Church Avenue
Brooklyn, New York 11203

MAIMONIDES MEDICAL CENTER
4802 10th Avenue
Brooklyn, New York 11219

MAIMONIDES MEDICAL CENTER DEPARTMENT OF RADIOLOGY
4802 10th Avenue
Brooklyn, New York 11219

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X

MARTINE ALOUIDOR and RONSARD NOEL,          Index No.:

                           Plaintiffs,           **CERTIFICATE OF MERIT**

          -against-

DAVID COTOS MEJIA, M.D., DANNY
SHERWINTER, M.D., ANNA YAKOVLEVNA, M.D.,
KELLY MINUS, R.N., LUTHERAN FAMILY
HEALTH CENTERS, MAIMONIDES MEDICAL
CENTER and MAIMONIDES MEDICAL CENTER
DEPARTMENT OF RADIOLOGY,

                           Defendants.
------------------------------------------------------------X

        Jeffrey A. Guzman, being duly sworn deposes and states the following to be true under

the penalties of perjury:

        I am an attorney duly admitted to practice law in the State of New York.  I am counsel for

the Plaintiff in this matter.

        I have reviewed the facts of the case and have consulted with at least on physician who is

licensed to practice in this state or any other state and who I reasonably believe is knowledgeable

in the relevant issues involved in this action, and I have concluded on the basis of this review and

consultation that there is a reasonable basis for the commencement of this action.

Dated: New York, New York
        August 2, 2013

                                        _____
                                        Jeffrey A. Guzman, Esq.
                                        KRENTSEL & GUZMAN, LLP
                                        17 Battery Place, Suite 604
                                        New York, New York 10006
                                        (212) 227-2900

## ATTORNEY VERIFICATION

JEFFREY A. GUZMAN, an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under penalties of perjury that:

He is the attorney for the plaintiff(s) in the above entitled action.  That he has read the foregoing VERIFIED COMPLAINT and knows the contents thereof, and upon information and belief, deponent believes the matters alleged herein to be true.

The reason this Verification is made by deponent and not by the plaintiff(s) is that the plaintiff(s) reside(s) in a county other than the one in which the plaintiff=s attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

Dated: New York, New York
        August 2, 2013

JEFFREY A. GUZMAN, ESQ.

Index No.:

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

MARTINE ALOUIDOR and RONSARD NOEL,

Plaintiff(s),

-against-

DAVID COTOS MEJIA, M.D., et al.,

Defendant(s).

### SUMMONS & COMPLAINT

KRENTSEL & GUZMAN, LLP
17 Battery Place, Suite 604
New York, New York 10006
(212) 227-2900

To
Attorney(s) for

Service of a copy of the within                     is hereby admitted.

Dated,

Attorney(s) for

PLEASE TAKE NOTICE:
G NOTICE OF ENTRY
    that the within is a (certified) true copy of a
    duly entered in the office of the clerk of the within name court on
19
G NOTICE OF SETTLEMENT
    that an order                                of which the within is a true
copy
    will be presented for settlement to the HON.                     one of the
judges of the
    within named Court, at
    on                    19          at          M.
    Dated,

Yours, etc.
KRENTSEL & GUZMAN, LLP

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
————————————————————————x

MARTINE ALOUIDOR and RONSARD NOEL,

                Plaintiffs,

    - against -

DAVID COTOS MEJIA, M.D., DANNY
SHERWINTER, M.D., ANNA YAKOVLEVNA,
M.D., KELLY MINUS, R.N., LUTHERAN
FAMILY HEALTH CENTERS, MAIMONIDES
MEDICAL CENTER and MAIMONIDES
MEDICAL CENTER DEPARTMENT OF
RADIOLOGY,

                Defendants.
————————————————————————x

**VERIFIED ANSWER**

Index No. 14954/2013

    Defendant, ANNA DERMAN, M.D., sued herein as ANNA YAKOVLEVNA, M.D.

by her attorneys, AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP, as and for

her Answer to plaintiffs' Complaint, respectfully shows to this Court and alleges upon

information and belief:

### AS AND FOR THE FIRST CAUSE OF ACTION

    1. Denies the knowledge or information sufficient to form a belief as to the truth of

allegations contained in paragraphs "1." through "14." inclusive, "19.", "20.", "22.", "24.",

and "44." through "55." inclusive.

    2. Denies the knowledge or information to form a belief as to the truth of

allegations contained in paragraph "21." and "30." through "37." inclusive except as

admitted.

{01378877.DOCX }

3. Denies the allegations contained in paragraphs "23.", "25.", "26.", "27.", "28.", "38." through "43." inclusive, "56." and "57.".

## AS AND FOR THE SECOND CAUSE OF ACTION

4. In response to paragraph "58.", repeats each admission or denial contained in paragraphs "1." through "57." herein as though fully set forth hereat.

5. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraphs "59." through "69." inclusive.

6. Denies the allegations contained in paragraphs "70." and "71.".

## AS AND FOR THE THIRD CAUSE OF ACTION

7. In response to paragraph "72.", repeats each admission or denial contained in paragraphs "1." through "71." herein as though fully set forth hereat.

8. Denies the knowledge or information to form a belief as to the truth of allegations contained in paragraphs "73." through "79." inclusive except admits MAIMONIDES MEDICAL CENTER made hospital facilities available for certain individuals

9. Denies the allegations contained in paragraphs ""80." through "85." inclusive.

## AS AND FOR THE FOURTH CAUSE OF ACTION

10. In response to paragraph "86.", repeats each admission or denial contained in paragraphs "1." through "85." herein as though fully set forth hereat.

11. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraphs "87." through "93." inclusive.

12. Denies the allegations contained in paragraphs "94." through "99." inclusive.

## AS AND FOR THE FIFTH CAUSE OF ACTION

13. In response to paragraph "100.", repeats each admission or denial contained in paragraphs "1." through "99." herein as though fully set forth hereat.

14. Denies the allegations contained in paragraphs "101." through "106." inclusive.

## AS AND FOR THE SIXTH CAUSE OF ACTION

15. In response to paragraph "107.", repeats each admission or denial contained in paragraphs "1." through "106." herein as though fully set forth hereat.

16. Denies the allegations contained in paragraphs "108." through "112." inclusive.

## AS AND FOR THE SEVENTH CAUSE OF ACTION

17. In response to paragraph "113.", repeats each admission or denial contained in paragraphs "1." through "112." herein as though fully set forth hereat.

18. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph "114."

19. Denies the allegations contained in paragraphs "115.", "116." and "117.".

## AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

20. This Court lacks in personam jurisdiction over the person of the defendant ANNA DERMAN, M.D., sued herein as ANNA YAKOVLEVNA, M.D. in that service has not been appropriately made upon said defendant.

## AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

21. The answering defendant(s) assert those applicable defenses for which provision is made at Public Health Law §2805-d.

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

22. That the injuries claimed by plaintiffs in the complaint were caused in whole or in part, by the culpable conduct of the plaintiffs which either bars the claims completely or else diminishes the damages by the proportion that such culpable conduct of the plaintiffs bears to the total culpable conduct causing the injuries.

WHEREFORE, defendant, ANNA DERMAN, M.D., sued herein as ANNA YAKOVLEVNA, M.D., demands judgment dismissing the Complaint, together with the costs and disbursements of the within action.

Dated:    New York, New York
            December 18, 2013

                             Yours, etc.,

                             AARONSON RAPPAPORT FEINSTEIN
                             & DEUTSCH, LLP
                             Attorneys for Defendant
                             ANNA DERMAN, M.D., sued herein as
                             ANNA YAKOVLEVNA, M.D.
                             Office & P.O. Address
                             600 Third Avenue
                             New York, New York 10016
                             Tel.: (212) 593-6700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
————————————————————————x

MARTINE ALOUIDOR and RONSARD NOEL,                    **VERIFIED ANSWER**

                                    Plaintiffs,

                                                      Index No. 14954/2013

~ against ~

DAVID COTOS MEJIA, M.D., DANNY
SHERWINTER, M.D., ANNA YAKOVLEVNA,
M.D., KELLY MINUS, R.N., LUTHERAN
FAMILY HEALTH CENTERS, MAIMONIDES
MEDICAL CENTER and MAIMONIDES
MEDICAL CENTER DEPARTMENT OF
RADIOLOGY,

                                    Defendants.
————————————————————————x

   Defendant, DANNY SHERWINTER, M.D., by his attorneys, AARONSON

RAPPAPORT FEINSTEIN & DEUTSCH, LLP, as and for his Answer to plaintiffs'

Complaint, respectfully shows to this Court and alleges upon information and belief:

## AS AND FOR THE FIRST CAUSE OF ACTION

   1.  Denies the knowledge or information sufficient to form a belief as to the truth of

allegations contained in paragraphs "1." through "14." inclusive, "19.", "20.", "22.", "24.",

"30." through "37." inclusive and "44." through "55." inclusive.

   2.  Denies the knowledge or information to form a belief as to the truth of

allegations contained in paragraph "21." except admits as admitted

   3.  Denies the allegations contained in paragraphs "23.", "25.", "26.", "27.", "28.",

"38." through "43." inclusive, "56." and "57.".

{01331399.DOCX }

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

22. That the injuries claimed by plaintiffs in the complaint were caused in whole or in part, by the culpable conduct of the plaintiffs which either bars the claims completely or else diminishes the damages by the proportion that such culpable conduct of the plaintiffs bears to the total culpable conduct causing the injuries.

WHEREFORE, defendant, DANNY SHERWINTER, M.D., demands judgment dismissing the Complaint, together with the costs and disbursements of the within action.

Dated:    New York, New York
          September 9, 2013

                                    Yours, etc.,

                                    AARONSON RAPPAPORT FEINSTEIN
                                    & DEUTSCH, LLP
                                    Attorneys for Defendant
                                    DANNY SHERWINTER, M.D.
                                    Office & P.O. Address
                                    600 Third Avenue
                                    New York, New York 10016
                                    Tel.: (212) 593-6700

{01331399.DOCX }

4

Re:    Martine Alouidor v. Maimonides Medical Center, et al
       Our File No.: 22,357

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK        )
                         )  ss:
COUNTY OF NEW YORK       )

        RICHARD V. CAPLAN, being duly sworn, deposes and says:

        That I am a member in the firm of attorneys representing the defendant, DANNY

SHERWINTER, M.D.

        That I have read the attached Answer to plaintiffs' Complaint and the same is true to my

own belief, except as to matters alleged on information and belief, and as to those matters, I

believe them to be true to the best of my knowledge.

        My sources of information are a claims file containing statements, reports and

records of investigation, investigators, parties and witnesses, with which I am fully familiar.

        That this verification is made by me because my client does not reside within the

county where I maintain my office.

                                                    _____
                                                         RICHARD V. CAPLAN

Sworn to before me this

9th day of August, 2013

_____
Notary Public

VICTORIA M MCFADYEN
Notary Public, State of New York
No 01MC4759374
Qualified In Kings County
Commission Expires Nov 16, 2014

{01331397.DOC }

FEB 21 1:08PM                                          NO. 9145   P. 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
——————————————————————x

MARTINE ALOUIDOR and RONSARD NOEL,

                Plaintiffs,

    - against -

DAVID COTOS MEJIA, M.D., DANNY
SHERWINTER, M.D., ANNA YAKOVLEVNA,
M.D., KELLY MINUS, R.N., LUTHERAN
FAMILY HEALTH CENTERS, MAIMONIDES
MEDICAL CENTER and MAIMONIDES
MEDICAL CENTER DEPARTMENT OF
RADIOLOGY,

                Defendants.
——————————————————————x

**VERIFIED ANSWER**

Index No. 14954/2013

    Defendant, MAIMONIDES MEDICAL CENTER, by its attorneys, AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP, as and for its Answer to plaintiffs' Complaint, respectfully shows to this Court and alleges upon information and belief:

### AS AND FOR THE FIRST CAUSE OF ACTION

    1. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraphs "1." through "14." inclusive, "19.", "20.", "22.", "24.", "30." through "37." inclusive and "44." through "55." inclusive.

    2. Denies the knowledge or information to form a belief as to the truth of allegations contained in paragraph "21." except admits as admitted

{01331376.DOCX }

3.  Denies the allegations contained in paragraphs "23.", "25.", "26.", "27.", "28.", "38." through "43." inclusive, "56." and "57.".

## AS AND FOR THE SECOND CAUSE OF ACTION

4.  In response to paragraph "58.", repeats each admission or denial contained in paragraphs "1." through "57." herein as though fully set forth hereat.

5.  Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraphs "59." through "69." inclusive.

6.  Denies the allegations contained in paragraphs "70." and "71.".

## AS AND FOR THE THIRD CAUSE OF ACTION

7.  In response to paragraph "72.", repeats each admission or denial contained in paragraphs "1." through "71." herein as though fully set forth hereat.

8.  Denies the knowledge or information to form a belief as to the truth of allegations contained in paragraphs "73." through "79." inclusive except admits MAIMONIDES MEDICAL CENTER made hospital facilities available for certain individuals

9.  Denies the allegations contained in paragraphs ""80." through "85." inclusive.

## AS AND FOR THE FOURTH CAUSE OF ACTION

10. In response to paragraph "86.", repeats each admission or denial contained in paragraphs "1." through "85." herein as though fully set forth hereat.

11. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraphs "87." through "93." inclusive.

12. Denies the allegations contained in paragraphs "94." through "99." inclusive.

{01331376.DOCX }

2

FEB. 20. 2014 2:19PM

## AS AND FOR THE FIFTH CAUSE OF ACTION

13. In response to paragraph "100.", repeats each admission or denial contained in paragraphs "1." through "99." herein as though fully set forth hereat.

14. Denies the allegations contained in paragraphs "101." through "106." inclusive.

## AS AND FOR THE SIXTH CAUSE OF ACTION

15. In response to paragraph "107.", repeats each admission or denial contained in paragraphs "1." through "106." herein as though fully set forth hereat.

16. Denies the allegations contained in paragraphs "108." through "112." inclusive.

## AS AND FOR THE SEVENTH CAUSE OF ACTION

17. In response to paragraph "113.", repeats each admission or denial contained in paragraphs "1." through "112." herein as though fully set forth hereat.

18. Denies the knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph "114."

19. Denies the allegations contained in paragraphs "115.", "116." and "117.".

## AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

20. This Court lacks in personam jurisdiction over the person of the defendant, DANNY SHERWINTER, M.D. in that service has not been appropriately made upon said defendant.

## AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

21. The answering defendant(s) assert those applicable defenses for which provision is made at Public Health Law §2805-d.

{01331376.DOCX }

3

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

22. That the injuries claimed by plaintiffs in the complaint were caused in whole or in part, by the culpable conduct of the plaintiffs which either bars the claims completely or else diminishes the damages by the proportion that such culpable conduct of the plaintiffs bears to the total culpable conduct causing the injuries.

WHEREFORE, defendant, MAIMONIDES MEDICAL CENTER, demands judgment dismissing the Complaint, together with the costs and disbursements of the within action.

Dated:     New York, New York
           September 9, 2013

                              Yours, etc.,

                              AARONSON RAPPAPORT FEINSTEIN
                              & DEUTSCH, LLP
                              Attorneys for Defendant
                              MAIMONIDES MEDICAL CENTER
                              Office & P.O. Address
                              600 Third Avenue
                              New York, New York 10016
                              Tel.: (212) 593-6700

Re:   Martine Alouidor v. Maimonides Medical Center, et al
      Our File No.: 22.357

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK        )
                          )  ss:
COUNTY OF NEW YORK       )

        RICHARD V. CAPLAN, being duly sworn, deposes and says:

        That I am a member in the firm of attorneys representing the defendant, MAIMONIDES

MEDICAL CENTER.

        That I have read the attached Answer to plaintiffs' Complaint and the same is true to my

own belief, except as to matters alleged on information and belief, and as to those matters, I

believe them to be true to the best of my knowledge.

        My sources of information are a claims file containing statements, reports and

records of investigation, investigators, parties and witnesses, with which I am fully familiar.

        That this verification is made by me because my client does not reside within the

county where I maintain my office.

                                         _____
                                                 RICHARD V. CAPLAN

Sworn to before me this

9th day of August, 2013

_____
Notary Public

                    VICTORIA M MCFADYEN
                  Notary Public, State of New York
                        No 01MC4759374
                     Qualified in Kings County
                  Commission Expires Nov 18, 2014

{01331395.DOC }

                                                            PAGE. 13

# Exhibit C

22-357

*JDC*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X   Index No.: 14954/13

MARTINE ALOUIDOR and RONSARD NOEL,

                         Plaintiffs,

                                                              **NOTICE OF MOTION**

DAVID COTOS MEJIA, M.D., DANNY
SHERWINTER, M.D., ANNA YAKOVLEVNA, M.D.,
KELLY MINUS, R.N., LUTHERAN FAMILY
HEALTH CENTERS, MAIMONIDES MEDICAL
CENTER and MAIMONIDES MEDICAL CENTER
DEPARTMENT OF RADIOLOGY,

                         Defendants.
------------------------------------------------------------X

S I R S :

     **PLEASE TAKE NOTICE,** that upon the affirmation of **ROSS RAGGIO, ESQ.,** and

upon all the pleadings and proceedings heretofore had herein, and the exhibits attached hereto,

the Plaintiff, MARTINE ALOUIDOR, will move this Court before I.A.S. Motion Part, at the

Supreme Court KINGS COUNTY Courthouse, 360 Adam Street, Brooklyn, New York, NY, on

the 28TH **day of February 2014,** at 9:30 o'clock in the forenoon of that day or as soon thereafter

as counsel can be heard for an Order: (1) Granting a default judgment against the Defendants

DAVID COTOS MEJIA, M.D., KELLY MINUS, R.N., and LUTHERAN FAMILY MEDICAL

CENTER for failure to answer the complaint within the time permitted by law; (2) setting this

matter down for an Inquest at time of trial on damages only; and, (3) for such other, further and

different relief as to this Honorable Court may deem just and proper.

     *PLEASE TAKE FURTHER NOTICE,* that pursuant to CPLR 2214 (b), answering

affidavits, if any are to be served upon the undersigned no later than seven (7) days prior to the

return date of this motion.

Dated: New York, New York
       January 14, 2014

*Yours, etc.*

By: Ross Raggio, Esq.
***KRENTSEL & GUZMAN, LLP***
Attorneys for Plaintiff(s)
17 Battery Place – Suite 604
New York, New York 10004
(212) 227-2900

**TO:**
DAVID COTOS MEJIA, M.D.
416 37th Street
Brooklyn, New York 11232

DAVID COTOS MEJIA, M.D.
c/o Lutheran Medical Center
3414 Church Avenue
Brooklyn, New York 11203

KELLY MINUS, N.P.
c/o Lutheran Medical Center
3414 Church Avenue
Brooklyn, New York 11203

LUTHERAN FAMILY HEALTH CENTERS
3414 Church Avenue
Brooklyn, New York 11203

**CC:**
**Aaronson, Rappaport, Feinstein, & Deutsch, LLP**
*Attorneys for Defendants: Danny Sherwinter, M.D., Anna Yakovlevna, M.D., Maimonides Medical Center, Maimonides Medical Center Department of Radiology.*
600 3rd Avenue

New York, NY 10016
(212) 593-6700

# Exhibit D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MARTINE ALOUIDOR and RONSARD NOEL,

              Plaintiffs,

              v.

DAVID COTOS MEJIA, M.D., DANNY
SHERWINTER, M.D., ANNA YAKOVLEVNA,
M.D., KELLY MINUS, R.N., LUTHERAN FAMILY
HEALTH CENTERS, MAIMONIDES MEDICAL
CENTER, and MAIMONIDES MEDICAL
CENTER DEPARTMENT OF RADIOLOGY,

              Defendants.

-----------------------------------------------------------x

**CERTIFICATION**

Civil Action No. CV 14- _____
(_____, J.)
(_____, M.J.)

       By virtue of the authority vested in this Office by the Attorney General under 28

C.F.R. § 15.4, it is hereby certified on the basis of the information now available with respect to the

incident alleged in the Verified Complaint, that defendant Lutheran Family Health Centers, at all

times relevant hereto, was a federally supported health center, and that defendants David Cotos

Mejia, M.D. and Kelly Minus, R.N., at all times relevant hereto, were employees of defendant

Lutheran Family Health Centers, and that defendants Lutheran Family Health Centers, David

Cotos Mejia, M.D., and Kelly Minus, R.N. (collectively, the "Federal Defendants"), were deemed

by the Department of Health and Human Services, pursuant to 42 U.S.C. § 233(g), eligible for

coverage under the Federal Tort Claims Act.

       Additionally, by virtue of the authority vested in this Office by the Attorney

General under 28 U.S.C. § 2679(d) and 28 C.F.R. § 15.4, it is hereby also certified that the Federal

Defendants were acting within the scope of their employment as deemed employees of the United

States for the purposes of the Federal Tort Claims Act at the time of the incident out of which the

claims alleged in the Verified Complaint arose. Accordingly, pursuant to 28 U.S.C. § 2679 and 42

U.S.C. § 233(c), the United States of America is hereby substituted by operation of law as a party

defendant for the Federal Defendants, and any and all claims asserted in the Verified Complaint

against the Federal Defendants shall be, and hereby are, deemed to be claims for relief against the

United States of America.

Dated: Brooklyn, New York
      February 27, 2014

                  Respectfully submitted,

                  LORETTA E. LYNCH
                  United States Attorney
                  *Counsel for defendants David Cotos Mejia,*
                  *M.D., Kelly Minus, R.N. and Lutheran Family*
                  *Health Centers*
                  Eastern District of New York
                  271 Cadman Plaza East, 7th Fl.
                  Brooklyn, New York 11201

By:                  
                  LAYALIZA K. SOLOVEICHIK
                  Assistant United States Attorney
                  (718) 254-6298
                  layaliza.soloveichik@usdoj.gov

2